# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00308-WYD-CBS

SOLEDAD BALTAZAR

    Plaintiff,

v.

ERIC K. SHINSEKI,
Secretary, United States Department of Veterans Affairs,

    Defendant.

## STIPULATED PROTECTIVE ORDER

This matter having come before the Court, pursuant to Fed. R. Civ. P. 26(c), on the Joint Motion For Entry Of Stipulated Protective Order (Docket No. 12) to protect the production, discovery, and dissemination of protected health information, and the parties having stipulated to the terms and conditions contained herein,

IT IS HEREBY ORDERED:

    1. The purpose of this Protective Order is to preclude the disclosure of designated protected health information to any person or entity not subject to this litigation as defined in this Protective Order.

    2. This Protective Order is entered in order to provide a mechanism by which protected health information that is disclosed or obtained through an executed release is prevented from being used by any party for any purpose other than in connection with the

litigation of this civil action.

    2. As used herein:

        a. "protected health information" means individually identifiable health information that is created or received by a health care provider, and relates to the past, present, or future physical or mental health or condition of an individual;

        b. "disclosed" means shown, divulged, revealed, produced, described, transmitted, released or otherwise communicated, in whole or in part;

        c. "document" is defined as the term is used in Fed. R. Civ. P. 34(a);

        d. "party" or "parties" means plaintiff and/or defendant;

        e. "protected person" means any party or non-party who voluntarily or in response to either a subpoena from the Department of Justice, a medical release, or a discovery request in this action produced or produces any information in connection with this action or the Department of Justice's investigation of the matters at issue in this action; and

        f. "this action" means the above-captioned action pending in this Court, including any pretrial or discovery, post-trial or appellate proceedings.

    3. A protected person may designate as protected health information any information it has disclosed, or hereafter discloses, in connection with this action, to the extent such information constitutes protected health information as defined in this Protective Order. Such designations shall constitute a representation to the Court that such protected person (and counsel, if any) in good faith believes that the information so

designated meets the definition of protected health information as defined in this Protective Order. Any production of information without its being designated as protected health information shall not thereby be deemed a waiver of any claim of protected health information concerning such information, and the same may thereafter be designated protected health information. However, any such subsequent designation shall not apply retroactively to any information for which disclosure was proper at the time made.

    4. All medical records furnished to the Department of Justice prior to the date of this Protective Order shall be treated as if designated by the party or a protected person as protected health information in their entirety until ten (10) business days from the date the protected person has received of a copy of this Protective Order. The protected person and counsel for the protected person, if any, may designate at any time during the ten-business-day period any document or portion of a document furnished to the Department of Justice as protected health information in accordance with the procedures described in paragraph 5. Such designations shall constitute a representation to the Court that the protected person (and counsel, if any) in good faith believes that the information so designated constitutes protected health information.

    5. A party or protected person designating information as protected health information shall stamp or label the face of each document with the designation "PROTECTED HEALTH INFORMATION." If the entire document is not protected health information, the protected person shall specify on the first page of the document the portions of the document that contain protected health information. Any marks on the

document shall be made so as not to interfere with the legibility of the document. Designation or identification of a document as protected health information does not indicate that it is not discoverable.

6. Responses to discovery requests are designated as protected health information by imprinting the words "PROTECTED HEALTH INFORMATION" next to or above the response.

7. Whenever a deposition involves the disclosure of protected health information, the deposition or portions thereof may be designated as PROTECTED HEALTH INFORMATION and be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as PROTECTED HEALTH INFORMATION after transcription, provided written notice of the designation is promptly given to all counsel of record within ten (10) days after notice by the court reporter of the completion of the transcript. Admissibility of the designated protected health information will be reserved for and addressed at trial.

8. A party may object to the designation of particular protected health information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as protected health information to file an appropriate motion requesting that the Court determine whether the

disputed information should be subject to the terms of this Protective Order within twenty (20) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as protected health information under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the Party designating the information as protected health information shall bear the burden of establishing that good cause exists for the disputed information to be treated as protected health information.

9. Individuals authorized to review protected health information pursuant to this Protective Order including, but not limited to, the parties to this action and their undersigned counsel, shall hold protected health information in confidence and shall not divulge the protected health information, either verbally or in writing, to any other person, or entity, unless authorized to do so by court order. Protected health information shall not be disclosed, revealed, leaked to the media (inadvertently or otherwise), or used for any purpose except the preparation and trial of this case. Protected health information shall not be communicated by any party's counsel or a party in any manner, either directly or indirectly, to anyone, except for purposes of this case, and unless such person is directly associated with prosecuting or defending this case or is a witness, deponent, expert or other individual involved in the prosecution or defense of this case who has executed the Written Acknowledgment depicted in Attachment A. These restrictions shall be strictly construed.

10. Protected health information may be disclosed to the following, provided

that these persons comply with the terms of this Protective Order, and are not involved with or connected to the media:

    a. Attorneys actively working on this case and their support staff;

    b. The parties and designated representatives for the entity Defendant, and their respective employees, agents and representatives;

    c. Expert witnesses, disclosed treating physicians or healthcare providers, and consultants retained, or consultants and their staffs, in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    d. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    e. Deponents;

    f. Other persons by written agreement of the parties; and

    g. A witness or consulting witness in this case, provided that each such individual executes the Written Acknowledgment as depicted in Attachment A.

11. The parties, their attorneys and support staff, and stenographic reporters shall not be required to complete a Written Acknowledgment as set forth in paragraph 10.

12. The party's counsel who discloses protected health information shall send to the recipient of the information a copy of the Protective Order and obtain a Written Acknowledgment from the recipient that he/she has reviewed and will abide by the terms of the Protective Order. The subject party's counsel shall maintain a list of all persons to

whom any protected health information is disclosed and retain the Written Acknowledgments.

13. In the event it is necessary for the parties to file protected health information with the Court in connection with any proceeding or motion, the protected health information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R. 7.2.

14. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of any document produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

15. Within ninety (90) days after receiving notice of the entry of an order, judgment or decree terminating this action, all persons having received confidential material shall either make a good faith effort to return such material and all copies thereof to counsel for the party or protected person that produced it, or destroy all such confidential material. The Department of Justice shall be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that Department of Justice employees shall not disclose the portions of court papers, deposition transcripts, exhibits or work product containing confidential material to any person except pursuant to Court order or agreement with the party or protected person that produced the confidential material. All confidential materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

16. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which protected health information shall be treated at trial.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 11th day of June, 2010.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

Attachment A

# WRITTEN ACKNOWLEDGMENT

Dear Counsel:

    1. I have read the Stipulated Protective Order in *Soledad Baltazar v. Erik Shinseki*, Case No. 10-cv-00308-WYD-CBS.

    2. I have been informed by _____ , Esq., counsel for _____, that the materials you sent me are protected health information as defined in the Stipulated Protective Order.

    3. I have not and will not divulge, or undertake to divulge to any person or recording device, any protected health information shown or told to me, except as authorized in the Stipulated Protective Order. I will not use the protected health information for any purpose other than this litigation.

_____ (Signature)

_____ (Print or Type Name)

_____ (Address)

_____ (City, State ZIP)

_____ (Telephone No.)

_____ (Date)